**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:                              )
DESPINA SMALIS,                     )         Bankruptcy No. 05-31587-CMB
                    Debtor.         )         Chapter 7
                                    )         Adversary No. 12-2140-CMB
_____

ERNEST SMALIS,                      )
                                    )
                    Appellant,      )         Civil Action No. 15-1269
        v.                          )         Judge Cathy Bissoon
                                    )
DESPINA SMALIS,                     )
                                    )
                    Appellee.       )

## MEMORANDUM ORDER

Ernest Smalis ("Appellant" or "Mr. Smalis") appeals the bankruptcy court's final order

denying his "Motion for Reconsideration from Order of Court Motio(s) [*sic*] Denied for Reasons

Set Forth in the Court's Memorandum Opinion Entered in the Above-Captioned Bankruptcy

Case" ("Motion for Reconsideration"). (Doc. 1-1). Therein, Mr. Smalis sought reconsideration

of the bankruptcy court's Order dated July 7, 2015 ("July 7th Order") denying "Plaintiff Ernest

Smalis Motion to Deem Settlement Agreement Defective and Void [and] Plaintiff Ernest Smalis

Motion to Bar debtor from Legal Proceedings in Bankruptcy Pursuant to the Doctrine of Judicial

Estoppel" (the "Smalis Motions"). In connection with the instant appeal, Mr. Smalis filed an

additional Motion to Disqualify Counsel for Appellee. (Doc. 15).

On appeal to the district court, the legal conclusions of the bankruptcy court are subject to

*de novo* review. Donaldson v. Bernstein, 104 F.3d 547, 551 (3d Cir.1997); Chemetron Corp. v.

Jones, 72 F.3d 341, 345 (3d Cir. 1995). Findings of fact, however, are set aside only if "clearly

erroneous." See Fed. R. Bankr. P. 8013; Chemetron, 72 F.3d at 345; In re Indian Palms Assocs.,

Ltd., 61 F.3d 197, 203 (3d Cir. 1995). The Court reviews the denial of motions for reconsideration "under the deferential abuse of discretion standard." In re Srinivasan, 2011 WL 3040216, *4 (D.N.J. 2011) (citing Churchill v. Star Enterprises, 183 F.3d 184, 189 (3d Cir. 1999)); see Marcus Lee Assocs., L.P. v. Wachovia Bank, N.A., 2011 WL 206126, *1 (E.D. Pa. 2006) (citing McDowell v. Phila. Housing Auth., 423 F.3d 233, 238 (3d Cir. 2005)); see also North River Ins. Co. v. Cygnet Reinsurance Co., 52 F.3d 1194, 1203 (3d Cir. 1995); Lorenz v. Griffith, 12 F.3d 23, 26 (3d Cir. 1993). "A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts." Utica Leaseco, LLC v. GMI Land Co., LLC, 2011 WL 2458065 (W.D. Pa. 2011) (citing In re O'Brian Envtl Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999); see also Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) ("An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.") (internal citations omitted).

Bankruptcy court Judge Böhm engaged in an exhaustive review of the entirety of Appellant's submissions before her, and further heard Mr. Smalis's arguments at a hearing on June 9, 2015, 2015, before denying his underlying motions. (See July 7th Opinion). Appellant sought reconsideration of the denial, and Judge Böhm, once again, engaged in thorough and thoughtful review of his arguments and submissions, and held an additional hearing on September 10, 2015; Appellant's motion for reconsideration subsequently was denied. (Doc. 1-1, Memorandum Opinion dated Sept. 15, 2015). That denial is appealed herein. After a thorough review of Appellant's briefing; Appellee's response; the record before the Bankruptcy Court in connection with both the July 7th Order and the September 15th Order; and the exhibits submitted in connection with the instant appeal, the Court concurs with the factual and legal

findings of Judge Böhm, and hereby incorporates said findings and conclusions of the September 15, 2015 Memorandum Opinion (Doc. 1-1) as the opinion of the District Court. Appellant has failed to demonstrate any basis on which to conclude that the appealed ruling rested upon an error of law or a misapplication of law to the facts. The appeal will be denied, and the Memorandum Order of the bankruptcy court, dated September 15, 2015, will be affirmed. Accordingly, Appellant's Motion to Disqualify Counsel for Appellee (Doc. 15) will be denied as moot.

## ORDER

For the reasons stated above, the Order of the bankruptcy court dated September 15, 2015, denying Appellant's Motion for Reconsideration, is **AFFIRMED**. Appellant's Motion to Disqualify Counsel for Appellee (Doc. 15) is **DENIED**.

IT IS SO ORDERED.


March 29, 2016                                    s\Cathy Bissoon_____
                                                 Cathy Bissoon
                                                 United States District Judge


cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

ERNEST SMALIS
6652 Northumberland St
Pittsburgh, PA 15217

3